# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

September 22, 2017

**VIA ECF**
The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY

Re: **United States v. Stefan Buck, 13 Cr. 282 (VM)**

Defendant Stefan Buck submits this short reply to the Government's Response to Buck's Motion that the Court include a statement about the role of the Qualified Intermediary Agreement ("QIA") between Bank Frey and the Internal Revenue Service in its preliminary instructions. The Government has two objections to the defendant's motion: first, that the specific language of the proposed preliminary instruction is less balanced than the language used by the Court in United States v. Weil, 08 Cr. 60322 (S.D. Fla.); second, that the preliminary instruction on the role of the QIA is unnecessary in this case because the Indictment in Weil differs from the instant indictment in regard to role of the QIA.

1. The Specific Wording of the Proposed Preliminary Instruction

As to the Government's first objection, the Government does not indicate why the preliminary instruction requested by Buck is less balanced than that given in the Weil case. Both the proposed Buck instruction and the Weil instruction state that a QIA exists between the relevant bank and the IRS; both state that the IRS recognizes that the bank is prohibited by Swiss law from disclosing the names of its U.S. clients; and both state that it is legal for the bank to open and maintain undeclared bank accounts for U.S. persons so long as U.S. securities are not transacted. However, to the extent that the Government or the Court have specific concerns with the language proposed, counsel is of course amenable to any preliminary instruction that conveys the essential nature of the QIA.

2. The Preliminary Qualified Intermediary Instruction Is Appropriate Here for the Same Reason It Was Appropriate in Weil

The Government argues that although the preliminary instruction may have been appropriate in the Weil case, the Weil indictment is far different than the indictment here. As a

**BRAFMAN & ASSOCIATES, P.C.**

preliminary matter, Weil was charged with the identical Conspiracy to defraud the IRS as is defendant Buck. Moreover, the factual charges in the two cases are similar: that a Swiss banker took steps to willfully conspire with U.S. citizens to defraud the IRS. The legal issue to be addressed in both cases is also similar: when does a Swiss banker cross the line from providing lawful banking services to becoming a co-conspirator of U.S. tax-evaders? In both the Weil case and this case, the QIA provides necessary guidance to the jury about where that line separating lawful and unlawful action is drawn. Finally, in both cases, a preliminary instruction as to the role of the QIA is appropriate to avoid jury confusion later in the trial.

The Government attempts to distinguish this case from Weil by pointing to four paragraphs in the 42 paragraph Weil indictment that mention the QIA. However, the Court's preliminary instruction on the QI in the Weil case was not related to these specific paragraphs but to the nature of the charge in general. The Court provided the QI preliminary instruction in Weil so that the jury would be able to understand the parameters of a Swiss banker's guilt in a general manner, and so the jury would not wrongfully presume guilt merely because a Swiss banker opened or administered an account of a U.S. person who failed to pay taxes.

In the absence of the requested preliminary instruction, therefore, the Government will argue incorrectly that Buck violated U.S. tax law merely by servicing an account held by a U.S. person under circumstances where it was reasonable to assume that the U.S. person did not plan on declaring the account. The undisputed fact is that Buck did not violate U.S. tax law merely by servicing an account held by a U.S. person who fails to report that account to the IRS. This is because the QIA between the Bank and the IRS specifically allows Swiss bankers such as Buck to open and maintain such an undeclared U.S. account so long as U.S. securities are not traded. In this regard, the QIA is critical in framing Buck's criminal liability, which is why it should be included in the preliminary instructions. Without this instruction prior to the Government's opening statement, the Government will be permitted to define Buck's criminal liability in a way that is precluded by the QIA. If the Court waits until the end of the case to instruct the jury for the first time as to the QIA, the damage will already have been done. As a result, the QI instruction should not only be at the end of the case, as with most instructions. Rather, it should be given preliminarily so that the issue of criminal liability can be properly framed as the evidence is admitted.

For these reasons, we respectfully request that the Court give a charge on the QIA between Bank Frey and the IRS as part of the Court's preliminary remarks to the jury.

Respectfully submitted,

Marc Agnifilo

cc:   All Counsel (via ECF)